UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAELA R. HOOSIER, individually and on behalf of MARK N. HOOSIER,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | ) | No. 3:23-cv-00295<br><br>JUDGE RICHARDSON |

**ORDER**

Michaela R. Hoosier, a pro se Tennessee resident, brings a Complaint against the United States Department of Veterans Affairs ("VA") on behalf of herself and Mark N. Hoosier, for whom she has been appointed conservator. (Doc. No. 1, 1-1.) Because Plaintiff paid the filing fee (Doc. No. 1-1), there typically would be no initial review of the Complaint. Here, however, the Court must address Michaela Hoosier's standing to prosecute this pro se action.

Standing is a doctrine, rooted in the case-or-controversy requirement of Article III of the Constitution, that "ensure[s] that federal courts do not exceed their authority" and "limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Standing is a jurisdictional requirement; if a plaintiff does not have standing, the court lacks subject-matter jurisdiction. *State by & through Tenn. Gen. Assembly v. United States Dep't of State*, 931 F.3d 499 (6th Cir. 2019) (citing *Coal Operators & Assocs., Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002); *Lyshe v. Levy*, 854 F. 3d 855, 857 (6th Cir. 2017)).

As relevant here, federal law permits individual parties to "plead and conduct their own cases personally"—i.e., without an attorney. 28 U.S.C. § 1654. However, this provision does not authorize a non-attorney to bring suit pro se on behalf of another person. *See Adams v. Diamond*, No. 3:18-cv-00976, 2019 WL 314569, at *2 (M.D. Tenn. Jan. 24, 2019) ("The federal courts have long held that Section 1654 preserves a party's right to proceed pro se, but only on his own claims; only a licensed attorney may represent other persons.") (citing *Coleman v. Indymac Venture, LLC*, 966 F. Supp. 2d 759, 767 (W.D. Tenn. 2013)); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (explaining that a plaintiff may not appear pro se "where interests other than their own are at stake"); *Heldt v. Nicholson*, No. 99–2120, 2000 WL 1176879 at *1 (6th Cir. Aug.10, 2000) ("That a non-lawyer may not represent another person in court is a venerable common law rule based on the strong state interest in regulating the practice of law."). This rule extends to pro se parents of minor children, *Shepherd*, 313 F.3d at 970 (citing *Cheung v. Youth Orchestra Foundation of Buffalo, Inc.*, 906 F.2d 59, 61 (6th Cir. 1990)), and conservators of children or adults. *See Esaw v. Metro Police Dep't*, No. 3:12-0639, 2012 WL 3202271, at *2 (M.D. Tenn. Aug. 3, 2012) ("[The pro se plaintiff] is not authorized to represent her son pro se even if she is a conservator."), *report and recommendation adopted*, No. 3-12-0639, 2012 WL 3644751 (M.D. Tenn. Aug. 23, 2012); *L.A. v. Mitchell*, No. 3:12-cv-810, 2013 WL 3658251, at *3 (M.D. Tenn. July 11, 2013) (holding that conservator of adult with Down's Syndrome could not proceed pro se on behalf of her ward because, "[w]hile Fed. R. Civ. P. 17(c) allows for a conservator to 'sue or defend on behalf of . . . an incompetent person,' it does not allow the conservator to act as attorney for the ward") (citing *Cavanaugh ex rel. Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 755 (6th Cir. 2005)), *report and recommendation adopted*, No. 3:12-00810, 2013 WL 4780087 (M.D. Tenn. Sept. 5, 2013).

In this case, Michaela Hoosier has filed a Complaint that brings multiple claims on behalf of herself and Mark Hoosier arising from the VA's treatment of Mark Hoosier for a traumatic brain injury. (Doc. No. 1.) Michaela Hoosier signed the Complaint as Mark Hoosier's "conservator," and she attached Tennessee court documents that detail her appointment as such. *Id*. at 6-10. Under the law cited above, however, while Michaela Hoosier is authorized to participate in a legal action on behalf of Mark Hoosier, *id*. at 8, she "may not prosecute [Mark Hoosier's claims] without representation by a licensed attorney." *Mitchell*, 2013 WL 3658251, at *3.

The Court will allow Michaela Hoosier an opportunity to address these standing concerns by pursuing one of several options. First, she may obtain licensed counsel for Mark Hoosier. Counsel must submit a motion to amend the Complaint at the same time as a notice of appearance. Second, she may submit an amended pro se complaint advancing only her personal claims and omitting Mark Hoosier's claims. Third, she may voluntarily dismiss the Complaint without prejudice to future action under Federal Rule of Civil Procedure 41(a). However Michaela Hoosier chooses to proceed, she **MUST** respond or request an extension of time within **30 DAYS** of the date this Order is entered on the docket. Failure to act may result in dismissal for lack of standing and want of prosecution. Fed. R. Civ. P. 41(b). The Clerk **SHALL** mail Michaela Hoosier a blank Complaint for a Civil Case (Pro Se 1). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the Court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

IT IS SO ORDERED.

Eli Richardson
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE